## Hampton et al. *versus* Matthews and Shaw.

14   105
164   539

1. In a proceeding by *foreign attachment*, it is error for the jury to find against the garnishees for a definite sum, without also finding what goods or effects, if any, were in their hands, at the time the attachment was executed, or afterwards, and also the value thereof.

2. In an action in assumpsit, on book account, the plaintiff may take judgment at the third term, for default of appearance, in pursuance of the 53d section of the act of 13th June, 1836; and by the 73d rule of the District Court of Allegheny county, the prothonotary may liquidate the amount.

3. A clerk in a *retail* store has no right, without the assent of his employer, to sell the goods *by wholesale*, in payment of a debt of his principal, whether due or not due; and such a sale will not divest the title of the principal.

ERROR to the District Court of *Allegheny county*.

This was a writ of foreign attachment issued by Matthews and Shaw *v.* Hampton and others, partners under the firm of Hampton, Smith & Co., as garnishees of certain goods, alleged by the plaintiffs to belong to one Bergin, late a resident of Ohio, who, it was alleged, had absconded.

A *narr.* was filed in assumpsit against Bergin, and at the third term of the court, judgment was taken against Bergin for want of appearance, and on February 1, 1849, at the instance of plaintiffs' attorneys, the amount was liquidated at $587.84.

On February 5, 1849, on the part of the garnishees a plea was filed: 1st. That they were creditors of Bergin, and had a prior attachment on the same goods.    2d. *Nulla bona*.

Plaintiffs replied to these pleas.

When the issues were trying, plaintiffs' counsel gave in evidence the deposition of Smith, which stated in substance that Bergin had gone away and left his store in his charge—between two and three thousand dollars' worth of goods.    That he had been employed by Bergin as clerk.    That he sold to Hampton, Smith & Co., goods, including two horses, to the amount of $1068.25 in payment of a debt due them from Bergin.    That Hampton took possession of the goods sold to Hampton, Smith & Co.

The inducement was to pay the debts as far as possible.    The sale was not made by the knowledge or direction of Bergin, as he was absent.

Plaintiffs showed that the account of defendants against Bergin was not due at the time they got the goods from Smith.

Plaintiffs also gave in evidence the law of the State of Ohio, regulating writs of attachment, *Statutes of Ohio* 88; and proved the value of the goods attached in the hands of defendants.    They offered in evidence the records of the District Court containing the proceedings and judgment against Bergin, for the purpose of showing the amount due to plaintiffs.

VOL. II.—14

[Hampton et al. *v.* Matthews and Shaw.]

Defendants' counsel objected to the admission of the record, because the amount had not been ascertained in pursuance of a writ of inquiry.

The court overruled the objection, and defendants' counsel excepted.

LOWRIE, J., in reply to a prayer by defendants' counsel, charged the jury that if Bergin had absconded from Ohio, and that this fact was known to the defendants and to Smith at the time of sale, the sale was unauthorized. And further, declined to charge on another point of defendants, that even if the sale were unauthorized, it was not totally void, but voidable only at the pleasure of Bergin, and cannot be treated so by his creditors; but they reserved the point.

Verdict was rendered for plaintiffs.

The court afterwards decided the last point in favor of the plaintiffs; and defendants' counsel excepted to the charge in both respects.

Errors were assigned to admitting the record of the original action against Bergin, as evidence of his indebtedness to plaintiffs below.    To the answer of the court as first above referred to; also to their answer to the point reserved; and it was further assigned, that, the verdict and judgment are erroneous in this, that the jury did not find what goods or effects of S. S. Bergin were in the hands of the defendants at the time the attachment was executed or afterwards, and also the value.

The 73d rule of the District Court of Allegheny county provides, "*In all judgments by default*, where the plaintiff has filed an affidavit of the amount of his claim, the judgment shall be for that amount.    *In other cases* the prothonotary shall liquidate the amount, where, from the nature of the action, it may be done without a jury of inquiry."

The case was argued by *Hamilton*, for plaintiff in error; by *Todd*, for defendant.

The opinion of the court was delivered by

ROGERS, J.—This is a proceeding against a garnishee, in which the jury rendered a verdict for the plaintiff, for $617.84, without more, on which the court rendered judgment. This is palpably erroneous, disregarding, as it does, the plain directions of the act of June 13, 1836, relating to the commencement of actions. That act, 58th section, requires the jury to find what goods or effects, if any, were in the hands of the garnishee, at the time the attachment was executed, or afterwards, and also the value thereof. And this is not matter of form, but substance, as the garnishee may, in many cases, discharge himself by surrender of the pro-

[Hampton et al *v.* Matthews & Shaw.]

perty, and is not in any case answerable beyond its value. The verdict, therefore, deprives the garnishees of a valuable right, having failed to ascertain what goods or effects, he had in his hands, and the value. *Non constat* that the goods might be surrendered, or that they were worth less than the amount of the verdict.

On the trial, the court permitted the plaintiffs to give in evidence the record containing the proceedings and judgment in the suit of the plaintiffs against S. S. Bergin, the original debtor. This was admitted for the purpose of showing the sum due. The admission of the evidence was excepted to, because the amount due on the judgment was improperly ascertained by the prothonotary. The argument is, that the action being in assumpsit on book account, it could only be liquidated by an inquest in pursuance of a writ of inquiry. And for this position plaintiffs in error rely on Pancake *v.* Harris, 10 *Serg. & Rawle*, 109. In that case, however, it will be remarked, there was no liquidation of damages whatever; nor was there any thing on the record, by which the debt could be ascertained. In that respect, it is distinguished from this case. The 53d section of the act of June, 1836, expressly authorizes the plaintiff to take judgment at the third term, for default of appearance. The judgment was rendered according to the directions of that act, and the sum due was ascertained by the prothonotary, in pursuance of the 73d rule of the District Court, which directs, that in all judgments by default, where the plaintiff has filed an affidavit of the amount of his claim, the judgment shall be for that amount. In other cases the prothonotary shall liquidate the amount, where, from the nature of the action, it may be done without a jury of inquiry. Although this is an action of assumpsit, the District Court, who are the best judges of their own rules, have decided that the debt is correctly ascertained by the prothonotary. This decision I am not inclined to overrule, in this stage of the proceedings, on an exception to evidence.

On the trial, it appeared, that Darwin Smith was a clerk in the employment of the debtor, Samuel S. Bergin, a retail merchant, doing business in Pomeroy, in the State of Ohio, and without any express authority, and in the absence of his principal, who had absconded to avoid his creditors, sold to the garnishees, Hampton, Smith & Co., goods, including two horses, in payment of a debt of his employer, which was not then due. The court instructed the jury, that if they believed that at the time of the purchase and sale, S. S. Bergin had absconded, and that this fact was known to the defendants and Darwin Smith at the time, the purchase and sale were entirely unauthorized. To this part of the charge we perceive no plausible objection, that can be made by the garnishees, although the plaintiffs might, with some show of reason, complain of it. We are of opinion it was an unjustifiable

[Hampton et al. *v.* Matthews & Shaw.]

stretch of authority, without the aid of the circumstances on which the court rely. A clerk in a retail store has no authority to sell by wholesale, in payment of a debt due, and certainly not in payment of a debt not due. It is an elementary principle, that a special agent has no power to bind his principal by any act not within the scope of his authority. In such cases, the sale produces no effect on the title. It still remains the property of the principal. The case of Beals *v.* Allen, 18 *Johns. Rep.* 362, is, in almost every feature, like the present, and rules it. Chief Justice SPENCER (the facts and circumstances being almost identically the same) says, he (that is, the clerk who undertakes to sell,) was a clerk in his store, to keep his accounts and books, and to sell and retail his goods to his customers. He had no authority to sell goods by the quantity, or to deliver goods in payment or security for debts. It can never be considered an ordinary sale and delivery of goods. In one material respect, this is a stronger case than Beals *v.* Allen. Here the debt was not due. It is obvious that if a clerk has authority to apply any quantity of goods he may choose to the payment of a debt not due, he has power, in many cases, materially to injure, if not totally destroy his employer.

It is entirely useless to trouble ourselves with the question, whether Bergin would have the right to confirm the sale, as there is nothing in evidence on which such a point can be raised. There is no proof whatever of a confirmation of the sale by Bergin.

As this case goes down for another trial, it may be worthy of inquiry, what effect, supposing the property to be in Bergin notwithstanding the sale, the issue of the domestic attachment in Ohio may have on the title to the goods. As this point was not made on the first trial, we confine ourself to the remark, that it may hereafter be worthy of some consideration.

Judgment reversed and *venire de novo* awarded.