# Jones *versus* Tracy.

1. Under an attachment-execution the defendant duly claimed the $300 exemption. The garnishee suffered judgment by default for want of an appearance. *Held*, that the defendant could not be affected by garnishee's failure to appear.

2. A garnishee can. plead to an attachment only what tends to discharge him from the debt due to the defendant in the attachment.

3. It was not for the defendant to prevent judgment by default against the garnishee.

4. The judgment against the garnishee ought to have been so framed as to protect the defendant's exemption.

5. The judgment against the garnishee was a judgment for the amount of the plaintiff's claim.

6. A regular judgment against a garnishee concludes with his discharge of the amount he has to pay under the attachment.

7. The act relating to attachments has no provision as to the effect of a judgment by default for want of appearance; this is provided for only on default of answering interrogatories and on a trial and verdict.

8. The proper form of judgment by default for want of an appearance given in this case.

March 11th 1874. Before AGNEW, C. J., SHARSWOOD, MERCUR and GORDON, JJ. WILLIAMS, J., at Nisi Prius.

Error to the Court of Common Pleas of *Bradford county :* No. 250, to January Term 1874.

This was an attachment-execution issued February 17th 1873, by G. P. Tracy against Thomas J. Jones, in which Alexander Solomon was the garnishee. The sheriff returned that he had served the writ on Solomon on the 18th of February, and summoned him as garnishee; and that he had served the writ on the 7th of April on Jones, and that on the 1st of May Jones gave him a notice "claiming the exemption of $300 from the money attached by virtue of this writ."

75 417
164 537
75 417
165 181
75 417
e 31 SC 407

[Jones *v*. Tracy.]

On the 12th of May 1873, on motion of the plaintiff's attorney, judgment was entered against Solomon, garnishee, for want of an appearance.

A fi. fa. was issued on this judgment against Solomon, the garnishee; the sheriff returned:—

"Received September 6th 1873, of A. Solomon, by his attorney, James Wood, seventy-six dollars and ninety-six cents, in full for the within debt, interest and all costs, receipt given."

This sum was paid into court and a rule was granted to show cause why the money raised on the fi. fa. against Solomon, the garnishee, should not be paid to Jones, the defendant in the execution.

The court (Streeter, P. J.) discharged the rule, delivering the following opinion:—

"When the attachment-execution was served, Jones gave the sheriff notice that he claimed his exemption of three hundred dollars, and the sheriff so returned. No appearance was entered for Solomon, the garnishee, and judgment was taken against him for the amount of plaintiff's claim; and execution was issued and the money made. The plaintiff is entitled to take this money out of court—Jones has no claim to it. Whether it was the duty of Solomon, or Jones, to see that judgment was not taken by default we will not now decide. The plaintiff obtained a judgment which he was not entitled to, because no objection was made by either the defendant or the garnishee. If it was the duty of the defendant to see that it was done, he has lost his exemption by his negligence, but if it was not incumbent upon him to see that judgment was not improperly taken, the garnishee may be compelled to pay the money twice. All that is now decided is that Tracy shall receive the money made upon his execution."

Jones removed the record by writ of error, assigning the discharge of his rule for error. .

*Watkins & Little*, for plaintiff in error.—The defendant was entitled to his exemption: Strouse *v*. Becker, 2 Wright 100; s. c. 8 Id. 206; Landis *v*. Lyons, 21 P. F. Smith 473. There is nothing in the Exemption Law nor in its principles to require the defendant to see that an appearance was entered for the garnishee; nor is it required of the garnishee. His failing to appear admits that he has the property attached;—his payment of the judgment is a discharge as to the defendant of the amount of the judgment: Layman *v*. Beam, 6 Whart. 184. The garnishee could not set up as a defence what interested the defendant only: Fox *v*. Reed, 3 Grant 81; Reed *v*. Penrose, 2 Id. 472; Myers *v*. Baltzell, 1 Wright 491; Sergeant on Foreign Att. 102; Bair *v*. Steinman, 2 P. F. Smith 423.

[Jones v. Tracy.]

*Peck & Streeter*, for defendant in error.—The judgment against the garnishee is conclusive as to parties and privies : Megee *v.* Beirne, 3 Wright 62. The garnishee was bound to make defence that the defendant claimed the exemption, if he had not sufficient to satisfy the execution beyond the $300 : Baldy *v.* Brady, 3 Harris 108 ; Bank of N. Liberties *v.* Munford, 3 Grant 233.

The opinion of the court was delivered, May 11th 1874, by

AGNEW, C. J.—The Act of 8th April 1859, supplementary to the Exemption Law of 1849, 1 Bright. 638, gives to a defendant a right " to elect to retain his exemption or any part thereof out of any bank-notes, money, stock, judgment or other indebtedness to such person." It is admitted that Thomas S. Jones, the defendant below, duly claimed his exemption out of the effects in the hands of Al'r Solomon, the garnishee. Here, then, there was a clear legal right claimed in time, and yet the court below gave judgment against Jones's exemption, on the ground that there was a judgment by default against the garnishee, which either he or Jones ought to have prevented. But how could Jones be affected by Solomon's neglect to appear ? His right was to have his $300 exemption against the plaintiff. Presumptively, as the case stood, Solomon owed a debt to Jones ; and it should be a matter of indifference to him whether the money would go to Jones or to the plaintiff. If the neglect of Solomon to appear can be made to displace the exemption, it would enable the plaintiff and garnishee always, by collusion, to avoid the exemption, and discharge the garnishee to the extent of the plaintiff's debt. The garnishee can plead to the attachment only that which tends to discharge himself from the debt he owes to the defendant in the attachment, or protect himself against a double recovery. He cannot plead or set up the exemption, this is a personal privilege of the defendant, who must avail himself of it, and here the defendant has done so. It was not the business of the defendant to prevent judgment by default against the garnishee. The real difficulty here is that the judgment by default was erroneously entered. It ought to have followed the facts of the case and to have been so framed as to protect the defendant's exemption. It was simply a judgment for the amount of the plaintiff's claim. But every regular judgment in attachment concludes with a discharge of the garnishee to the extent he has to pay under the attachment: Sergeant on Attachment 40 ; 6 Wharton 181. If, therefore, the garnishee's debt to the defendant is less than the exemption of $300, an unqualified judgment of discharge would cause the defendant to lose so much of his exemption. But it is very evident that the neglect of the garnishee to appear was his own fault and not that of the defendant, and therefore the garnishee alone should suffer for his omission. Our act relating to attachment has made no provision as to the effect of

[Jones *v.* Tracy.]

a judgment by default for want of an appearance, having provided for this effect of judgment in case only of a default to answer interrogatories, and upon trial and verdict. But in Layman *v.* Beam, 6 Wharton 181, opinion by Sergeant, J., it is held that the legal effect of a judgment by default for non-appearance, is, that the garnishee has assets of the defendant in his hands sufficient to answer the plaintiff's debt and costs. The garnishee was bound to know that the defendant had a right to elect to retain his exemption out of the debt, and therefore, that his default might leave him liable to the plaintiff beyond the sum allowed to be retained. The effect of the default was an admission by the garnishee that he owed the defendant a sum sufficient to discharge the plaintiff's debt over and above the exemption of $300. The proper judgment, therefore, would have been that the plaintiff, G. P. Tracy, have judgment by default against Al'r Solomon, as garnishee, for want of an appearance, and that the plaintiff have execution of so much of the debt due by the said Al'r Solomon to the said Thomas S. Jones, as will satisfy the judgment of the said G. P. Tracy against the said Thomas S. Jones with interest and costs, and if the said Al'r Solomon refuse or neglect, on demand by the sheriff, to pay the same, then to be levied of the proper goods, chattels and lands of the said Al'r Solomon, according to law, as if the same were his proper debt; and that the said Al'r Solomon be thereupon discharged as against the said Thomas S. Jones for the sum so attached and levied of the debt and moneys in his hands to the extent and so far only, as the same sum so attached and levied may exceed the sum of $300; without prejudice to the right of the said Thomas S. Jones to recover from the said Al'r Solomon the said sum of $300 or any less sum due and owing by the said Al'r Solomon to him at the time of, or at any time since, the service of the attachment.

We, ourselves, might so enter the judgment, but as the default of the garnishee may have arisen from a misconception of his duty, which the court below might rectify, if injustice would be done by opening the judgment on terms, we shall reverse the judgment below and order a *procedendo.*

Judgment reversed and a *procedendo* awarded.