[PHILADELPHIA, JANUARY 25TH, 1841.]

## LAYMAN *against* BEAM.

6wh181
164_ 537
6wh181
165 181

### IN ERROR.

1. In a writ of attachment in execution, under the act of the 16th of June, 1836, it is not necessary to state the kind or nature of the property to be attached. It is sufficient if the writ requires the sheriff to attach "the goods and chattels, rights, credits, and moneys," of the defendant, in the hands of the garnishee.

2. It is not error that such writ required the sheriff to summon the defendant in the judgment as well as the garnishee; the naming of the defendant being merely surplusage.

3. A writ of attachment, which was issued upon a judgment against A. L., directed the sheriff to attach goods, debts, &c. of A. L., and to make known to A. L. and C. L. to appear &c. to show why the said judgment should not be levied of the effects of the said A. L. in the hands of the said C. L. &c. To this writ the sheriff returned that he had attached and levied " a debt of about $600, due to the defendant by the within named A. L. and in his hands," and served the writ on the defendant, A. L., by giving him a copy, &c. Afterwards, on the petition and affidavit of the sheriff, the Court of Common Pleas allowed him to amend his return as follows, " Served the within writ on the within named defendant, A. L., and also on the within named C. L., by giving the said A. and C. each a true and attested copy of said writ," &c: *Held*, that the court had power to allow of the amendment; that the two returns were to be taken together, and that they constituted a sufficient return.

4. If the garnishee, in a writ of attachment in execution, make default by not appearing after due service of the writ, judgment ought not to be given against him to be levied of his goods and chattels, &c. The judgment ought to be that the plaintiff have execution of so much of the debt, &c. due by the garnishee to the defendant, and attached in his hands, as may satisfy the judgment of the plaintiff, with interest and costs: and if the garnishee refuse or neglect, on demand by the sheriff, to pay the same, then the same to be levied of his, the garnishee's goods, lands, and person, according to law, as in the case of a judgment against him for his proper debt; and that the garnishee be thereupon discharged as against the defendant of the sum so attached and levied, &c.

ERROR to the Common Pleas of Montgomery County.

Thomas Beam obtained a judgment against Andrew Layman in the Court of Common Pleas of Montgomery County, at April term, 1835.

(Layman *v.* Beam.)

A writ of attachment upon the judgment was issued to November term, 1838, in the following form.

" Montgomery County, ss.

The Commonwealth of Pennsylvania, to the sheriff of said county, greeting:

[SEAL.] We command you that you levy and attach the goods and chattels, debts, rights, credits, and moneys of Andrew Layman, late of your county, yeoman, in satisfaction of a certain judgment obtained in our Court of Common Pleas of said county, at the suit of Thomas Beam against the said Andrew Layman, to April Term, 1835, No. 42, for the sum of two hundred dollars, with interest from the 29th day of December, 1832, and costs.

And also by honest and lawful men of your bailiwick you make known to the said Andrew Layman and Caspar Layman, late of your county, that they be and appear before our said court at Norristown, the nineteenth day of November next, to show if any thing they, the said Andrew and Caspar, have to say why the said judgment, besides costs of suit, should not be levied of the effects of the said Andrew Layman, in the hands of the said Caspar Layman; and have you then and there this writ.

Witness the Honorable John Fox, Esq., President of our said court at Norristown, the eighteenth day of October, in the year of our Lord, one thousand eight hundred and thirty-eight."

To this the sheriff made the following return:

" October 22d, 1838, attached and levied a debt of about six hundred dollars due to the defendant by the within named Andrew Layman, and in his hands, in satisfaction of the within named debt: same time served on defendant, Andrew Layman, by giving him an attested copy and making contents known."

On the 30th of November, 1838, Caspar Layman having failed to appear, judgment was entered against him by default, and " that the plaintiff have execution against him, the said Caspar Layman, garnishee, to be levied of his goods and chattels, &c., for the amount of the above named plaintiff's judgment against the said Adrew Layman, with the interest and costs, and that the said garnishee be discharged as against the said Andrew Layman, the defendant, for the sum so attached and levied of the debt or moneys of the said defendant in his hands, with the costs."

Upon this judgment, a *fi. fa.* issued in the following form:

" Montgomery county, ss.

The commonwealth of Pennsylvania to the sheriff of said county, greeting:

(Layman *v.* Beam.)

[SEAL.]　　　Whereas, Thomas Beam, upon a certain writ of *scire facias* to revive a judgment originally entered on the 29th day of September, A. D. 1832, in our Court of Common Pleas for the county of Montgomery, by the judgment of the said court lately recovered against a certain Andrew Layman, a certain debt of two hundred dollars, as also six cents damages and six cents costs, to be levied of his, the said Andrew Layman's, proper goods and chattels, &c., whereof the said Andrew was convict, as appears of record. And whereas afterwards, to wit, at the term of November, 1838, No. 21, upon a certain writ of attachment issued out of the said court at the suit of the said Thomas Beam against the said Andrew Layman, with clause of *scire facias* to Casper Layman, garnishee of the said Andrew Layman, it was so proceeded that it was by default of appearance of the said Casper Layman considered by the said court that the said Thomas Beam recover against the said Casper Layman, garnishee as aforesaid, the sum of two hundred dollars, together with damages and costs aforesaid, and that the said Casper Layman be acquitted and discharged thereof against the said Andrew Lyman, as it appears of record:—Wherefore we command you that of the goods and chattels, lands and tenements of the said Casper Layman you levy the said debt or sum of two hundred dollars, together with the interest and costs, and have you that money before the judges of our Court of Common Pleas at Norristown, the eighteenth day of February, to render to the said plaintiff —and have you then there this writ.

Witness the honourable John Fox, Esquire, President of the said court at Norristown, the twenty-fourth day of November, in the year of our Lord one thousand eight hundred and thirty-eight."

On the 3d of January, 1839, a rule was granted to show cause why the judgment signed against Caspar Layman, the garnishee, and the *fi. fa.* issued thereupon, should not be set aside. A rule was also granted to show cause why the judgment should not be opened, and Caspar Layman let into a defence.

These rules were founded upon an affidavit of Caspar Layman, in which he averred his ignorance of the meaning of the writ of *scire facias* served upon him, and that he was informed by the sheriff that it was not necessary for him to appear at court. He also averred that he understood that the bond which he had given to Andrew Layman had been assigned by him to a third person long before the attachment in the case issued, and therefore that he had a just and sufficient defence to the claim of the plaintiff.

The deposition of the sheriff was taken in contradiction of the defendant's averments in respect to the service of the *scire facias.*

On the 27th of September, 1839, on the petition of the sheriff, set-

(Layman *v.* Beam.)

ting forth that he duly served the writ, but, " that by accident and mistake, the return was erroneously endorsed," the court granted leave to amend the return as follows:

" October 22d, 1838: Served the within writ upon the within named defendant, Andrew Layman, and also on the within named Caspar Layman, by giving the said Andrew and Caspar each a true and attested copy of said writ, personally, and giving them notice of its contents."

On the 23d of November, 1839, the court discharged the rules to set aside, and open the judgment, and to set aside the *fi. fa.*; whereupon this writ of error was sued out.

The following specifications of error were filed.

" 1. The original writ issued in the cause was not a good and legal writ.

2. The writ and return did not warrant the judgment entered.

3. The judgment and *fi. fa.* issued thereon were illegal.

4. There is no legal, valid, and sufficient return to the writ.

5. The court erred in permitting the sheriff to amend and alter his return, as stated in the record.

6. The court erred in discharging the rules obtained by Caspar Layman; as under the circumstances they ought to have been made absolute."

Mr. *Freedley* for the plaintiff in error.

Mr. *Sterigere,* contra.

The opinion of the court was delivered by

SERGEANT, J.—The first error assigned is, that the original writ issued in the cause was not a good and legal writ; and the reason given is, that it contains no suggestion of the nature of the property to be attached, whereas the mode of proceeding under the act of assembly depends on that. The act of the 16th of June, 1836, sects. 35, 37, relating to levying an execution on a debt due to the defendant, prescribes that it shall be done in the manner allowed in the case of a foreign attachment: " but, in such case, a clause in nature of a *scire facias,* against a garnishee, in a foreign attachment, shall be inserted in such writ of attachment, requiring the debtor to appear, &c., and show cause why such judgment shall not be levied of the effects of the defendant in his hands." The act of the 13th of June, 1836, § 43, prescribes the form of the writ in foreign attachment; and in it the precise property to be attached, is not required to be stated; but the writ is as here in general terms. We do not,

(Layman *v.* Beam.)

therefore, think there is any thing in this error. The clause in the writ in nature of a *scire facias* is also objected to ; but the only error there is in inserting the name of the defendant, as well as of the garnishee, which, however, is no more than surplusage.

The second, fourth, and fifth errors, seem to be pointed at the sheriff's return. In the original return there is evidently a clerical mistake in stating the debt to be due by Andrew Layman, instead of Caspar ; for Andrew was himself the defendant, and the return is of a levy " on a debt due to him," which could not be by himself. And when it is taken in connection with the amended return, and the whole proceedings, it is evident that it was a debt due by Caspar Layman that was levied on, and that Caspar was warned as garnishee. It is objected that if the amended return is to be considered as right, then the property attached is not specified, and no judgment could be given. But we think the first return, and the amended return, are to be taken as one, and then it is of a levy of a debt of about $600 due by Caspar to Andrew, and that they were both summoned. There can be no doubt the court had the authority to allow the sheriff to amend his return, by supplying according to the fact what was deficient in the first.

The third error is, that the judgment and *fi. fa.* were illegal ; and this error we think is sustained. The garnishee made default, after service of the writ, by not appearing ; and the judgment was, that the plaintiff have execution against him, to be levied of his goods and chattels, for the amount of the plaintiff's judgment against the defendant, and that the garnishee be discharged as against the defendant for the sum so attached and levied of the debt or moneys of the defendant in his hands, with the costs. No provision is made in the act of assembly as to the nature of the judgment which the plaintiff is to have against the garnishee, where the garnishee makes default in his appearance after service of the *scire facias.* The only cases provided for are, first, where the garnishee neglects or refuses to answer interrogatories ; then, by § 57, he is to be adjudged to have in his possession goods and effects of the defendant to an amount sufficient to satisfy the plaintiff's demands, and execution is to issue in like manner as in a judgment against him for his proper debt. The other case is, where there is a verdict against the garnishee ; then, by § 58, the jury are to find what goods are in his hands, and their value, and the execution is, not in the first instance against him as for his proper debt, but it is twofold ; first, by § 59, of the goods or effects so found in his hands, or so much as may satisfy the plaintiff's demand ; and by § 60, against him as of his proper debt, if he refuses to produce the goods and effects. And this seems to us to be the proper mode of proceeding in the case of a judgment by default. For a default to appear is tantamount to a confession that he has in hands the property attached ; but there is no contempt of court in refusing to answer interrogatories ; therefore, no immediate

(Layman *v.* Beam.)

judgment is given to make him personally responsible.    This seems
to be the course under the custom of London in cases of judgment
against the garnishee by default: for it is said in the *Complete
Attorney*, 66, 67, and *Priv. Lond.* 260, cited *Serg. Att.* (2d ed.) that
if the garnishee fail to appear as he ought, he is taken by default for
want of appearing, and judgment given against him for the goods
and money attached in his hands, and he is remediless at common law,
and in equity, by reason of his non appearance, though he hath not
one penny in his hands; and, if taken in execution, must pay the
money or go to prison. Such also is the form of the judgment and
execution in cases both of default and confession in the precedents
under the custom of London, given in *Serg. Att.* 236, 238, 260. And
the call of the *scire facias* in the act of assembly of the 15th of June,
1836, § 35, and the 13th of June, 1836, § 54, is to show cause
why execution should not be levied of the effects of the defendant,
in the garnishee's hands.    The judgment and execution must, there-
fore, be reversed, with directions to the court below, to enter judg-
ment against Caspar Layman, the garnishee, by default for want of
appearance, and that the plaintiff have execution of so much of the
debt due by the said Caspar and the said Andrew, the defendant, and
attached in the hands of the said Caspar, as may satisfy the judg-
ment of the plaintiff against the said Andrew, with interest and costs;
and if the said Caspar refuse or neglect, on demand by the sheriff,
to pay the same, then the same to be levied of the said Caspar, his
goods, lands, and person, according to law, as in the case of a judg-
ment against him for his proper debt; and that the said Caspar be
thereupon discharged, as against the said Andrew, for the sum so
attached and levied of the debt and moneys in his hands, &c.

Judgment and execution reversed.