## Bonnaffon, Garnishee of Broomall, *versus* Thompson.

In an attachment in execution a general verdict for the plaintiff and against the garnishee for a specific sum of money is bad, and a judgment thereon is erroneous.

February 9th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Error to the Court of Common Pleas, No. 4, of *Philadelphia county :* Of January Term 1875, No. 217.

The case was this: Thomas Thompson and others obtained a judgment against Eli M. Broomall, and issued an attachment in execution, upon which A. L. Bonnaffon was summoned as garnishee; the defendant was not served. The garnishee pleaded *nulla bona*, and upon a trial of the issue raised by this plea, the jury found a general verdict for the plaintiff in $648.18, without stating that the garnishee had money or effects of the defendant in his possession. It did not appear that any objection was made in the court below to the form of the verdict. Judgment was entered on the verdict, and the garnishee brought this writ of error, assigning for error that the jury did not find what money or effects of the defendant were in the garnishee's hands, but found a general verdict for a sum of money, and that judgment was entered on this verdict.

*Thomas J. Diehl,* for the plaintiff in error.—Under the Acts of 16th June 1836 (Pamph. L. 767), and of 13th June 1836, § 58 (Pamph. L. 582), the jury should have found what goods or effects, if any, were in the hands of the garnishee, and the value thereof: Layman *v.* Bean, 6 Whart. 184; Hampton *v.* Matthews, 2 Harris

[Bonnaffon v. Thompson.]

106; Poor v. Colburn, 7 P. F. Smith 415; Bouslough v. Bouslough, 18 Id. 495.

*W. H. Staake, George W. Thorn* and *E. S. Miller*, for the defendants in error.—No objection was made to the form of the verdict below, therefore this court will not reverse the judgment: In the matter of Church street, 4 P. F. Smith 353. If the objection had been made at the proper time the plaintiffs might have answered it.

An attachment in execution differs from a foreign attachment; in the latter any property may be attached; in the former, except in cases of goods pawned, &c., the attachment is confined to a debt due the defendant or a deposit of money made by him. There is, therefore, a strong presumption that the property levied upon consists in a debt. Even if that presumption be not true in any case, the garnishee may protect himself by producing the goods to the sheriff.

As to the cases cited by the plaintiff in error: Hampton v. Matthews was a *foreign* attachment. In Poor v. Colburn there was not a verdict for a definitive sum, as in the case at bar; so, too, in Bouslough v. Bouslough, which contains nothing but a *dictum* bearing upon this case. In Layman v. Bean there was a judgment by default, and an execution thereon against the garnishee personally. There had been no verdict, and all that was said respecting the form of the verdict was merely a statement of the words of the statute. Moreover, the question was raised in the court below.

The judgment is directly supported by Flanagin v. Wetherill, 5 Whart. 280, where it was held, that though the verdict was not correct in form, this could be amended, and the court could have moulded the verdict after it was given. This case has never been in terms overruled, but on the contrary has been cited with approbation.. We ask that it may be affirmed.

Mr. Justice MERCUR delivered the opinion of the court, May 7th 1877.

This is a case of attachment execution. The 35th section of the Act of June 16th 1836, Purd. Dig. 639, pl. 32, declares that a clause in the nature of a scire facias against a garnishee in a foreign attachment, shall be inserted in the writ of attachment, requiring such debtor, depositary, or bailee to appear and show cause why the judgment shall not be levied of the effects of the defendant in his hands.

In form, then, a writ of attachment execution is like the writ of scire facias, which issues on a judgment obtained in foreign attachment. With the exception that the former binds no property until served, its force and effect are substantially the same as the latter. The mode of procedure is the same in each. The 58th section of

[Bonnaffon *v.* Thompson.]

the Act of June 13th 1836, Purd. Dig. 720, pl. 19, declares, "If issue be taken and a trial be had upon any scire facias as aforesaid, the jury shall find what goods or effects, if any, were in the hands of the garnishee at the time the attachment was executed as aforesaid, or afterwards, and also the value thereof." On a judgment thus obtained the execution is not, in the first instance, against the garnishee as for his proper debt, but it is twofold; first, to be levied of the goods or effects so found in his hands, or so much thereof as may satisfy the plaintiff's demand; and secondly, against him as of his proper debt, if he refuses to produce the goods and effects: Bean, 6 Whart. 181; Hampton *et al. v.* Matthews *et al.*, 2 Harris 105.

The plea in this case was *nulla bona.* That was the issue tried. The verdict returned was not responsive to the issue. It is a verdict for a specific sum of money. It palpably disregards the explicit requirements of the statute. If the record showed the property in the hands of the garnishee was in money, as in Flanagin *v.* Wetherill *et al.,* 5 Whart. 280, the judgment would do no injury to the plaintiff in error. As it might have been amended, in that case, by the court below, we would not disturb the judgment. But no such fact is shown. The verdict makes the garnishee liable for the sum found, as for his own proper debt. The execution must follow the judgment. The production of goods and effects which this jury may have valued at the sum found in their verdict, might fall far short of satisfying the execution.

Under the pleadings, the verdict is clearly wrong, and no judgment could be entered upon it: Poor *v.* Colburn, 7 P. F. Smith 415; Bouslough *v.* Bouslough, 18 Id. 495. The assignments are therefore sustained.

Judgment reversed, and a *venire facias de novo* awarded.