## Shapris v. Paskawitch.

*Practice, J. P.—Attachment execution—Judgment—Act of April 15, 1845.*

1. Section 5 of the Act of April 15, 1845, P. L. 459, provides that in an action proceeded with in the usual way by summons, hearing, judgment, execution, return of "no goods" and then an attachment execution if the garnishee admits possession or control of property of the defendant, judgment may be entered specially to be levied out of the effects in the hands of the garnishee, or so much of the same as may be necessary to pay the debt and costs.

2. Judgment against the garnishee generally is not in compliance with the act, and will be reversed upon *certiorari.*

*Certiorari.* C. P. Luzerne Co., Oct. T., 1923, No. 643.

*John R. Wilson,* for garnishee.

Jones, J., Jan. 14, 1924.—Summons in *assumpsit* and judgment in favor of the plaintiff and against the defendant, in default, in the sum of $50.

Same day execution issued and returned *nulla bona,* and two days thereafter attachment execution issued, served upon defendant personally and upon Mount Lookout Coal Company, garnishee, who made answer that it was indebted to defendant in the sum of $22.74 for wages of labor, denying the right of plaintiff to have execution against the garnishee, for the reason that the Act of May 8, 1876, P. L. 139, and its supplements, April 10, 1905, P. L. 134, and May 1, 1913, P. L. 132, violate article III, section 7, of the Constitution, being special legislation.

These acts provide for the commencement of suits and actions by attachment before magistrates, aldermen or justices of the peace to recover pay for boarding and lodging and to attach wages due or owing such persons.

These acts have been declared unconstitutional, as being in conflict with article III, section 7, of the Constitution, which forbids special legislation changing the methods for the collection of debts: Jenkins *v.* Davis, 18 Dist. R. 928; Antreason *v.* Samarsien, 18 Dist. R. 335; Schmidt *v.* Schmidt et al., 24 Lacka. Jurist, 108.

This suit was not instituted under any of these acts, but was proceeded with in the usual way by summons, hearing, judgment, execution, return of "no goods," and then an attachment execution under the Act of April 15, 1845, P. L. 459.

Section 5 of this act provides that if the garnishee in his answers admit that there is in his possssion or control property of the defendant liable under said act to attachment, then said magistrate may enter judgment specially to be levied out of the effects in the hands of the garnishee, or so much of the same as may be necessary to pay the debt and costs.

The garnishee in its answers admitted the sum of $22.74 in its possession or control, property of the defendant.

In such case the act provides that the magistrate may enter judgment specially.

In this case the magistrate entered judgment generally against the garnishee. This was not in compliance with the act.

In Longwell *v.* Hartwell, 164 Pa. 533, it was said: "The proper form of the judgment is for plaintiff against the garnishee, and that the garnishee has in his hands certain goods, effects or credits, to wit (naming them), of the value, etc., or that the garnishee is indebted to the defendant in the sum of, etc."

In Layman *v.* Beam, 6 Wharton, 181, the proper form of a judgment was given as follows: "That plaintiff have execution of so much of the debt, etc.,

Shapris v. Paskawitch.

due by garnishee to defendant, and attached in his hands, as may satisfy the judgment of plaintiff against the said defendant."

For the reasons herein stated, the proceedings of the magistrate are reversed.                                    From F. P. Slattery, Wilkes-Barre, Pa.