## Bizot v. Audenried.

Eric A. McCouch, for plaintiffs; Wm. M. Kitzmiller, for garnishees.

FERGUSON, P. J., Nov. 20, 1930.—Plaintiffs obtained a judgment against defendant and issued attachments summoning two trust companies as garnishees. In response to interrogatories, answers were filed by one garnishee admitting that it was trustee of an estate from which defendant was entitled to have the income, and at the time of the filing of the answer there was in its hands the sum of $934.14 payable to defendant. The other garnishee answered that it was trustee of an estate under which defendant was entitled to the income, and that there was $1119.79 in its hands payable to defendant. Rules for judgment were taken against the garnishees for the amounts in their hands, and, also, for such further sums as from time to time may become payable thereafter to defendant, until the plaintiffs have received full payment of their judgment, with interests and costs.

We cannot make the rule absolute in the form in which it is taken. We are without power to grant judgment against a garnishee for money or goods which are to come into its hands in the future. In Longwell v. Hartwell, 164 Pa. 533, it was stated: "The proper form of the judgment is for plaintiff against the garnishee, and that the garnishee has in his hands certain goods, effects or credits, to wit (naming them), of the value, etc., or that the garnishee is indebted to the defendant in the sum of, etc." We have examined many cases and can find no support for the contention of plaintiff that a garnishee who expects to receive money in the future for the defendant can have a judgment entered against him requiring him to pay such money, from time to time, as it is received, to the plaintiff in the attachment. Proceedings in attachment execution follow those in foreign attachment, and the Supreme Court has held that in foreign attachment, if there is no money in the hands of the garnishee at the time the writ issues, although something comes into his hands between the service of the writ and the filing of the answer, there is nothing to support the writ because the initial requisite of jurisdiction did

not exist, to wit, that there was property or a right in property of the defendant in the hands of the garnishee at the time of service: Kennedy v. Schleindl, 290 Pa. 38.

In attachment execution it has always been held that up to the time of filing the answer any moneys in the hands of the garnishee are covered by the attachment, even though received after the service: Mullen v. Maguire, 1 W. N. C. 577; Bremer's Sons v. Mohn, 169 Pa. 91; Glazier v. Jacobs, 250 Pa. 357; Coal Company v. Steel Company, 224 Pa. 217. Attachment proceedings do not continue after judgment against the garnishee. The judgment is a finality. The next step is execution, and the judgment in the form as indicated in Longwell v. Hartwell, *supra*, indicates precisely upon what that execution may be levied. The judgment cannot be used to substitute the plaintiff in an attachment for the defendant as a *cestui que trust* under a deed of trust or a will.

The situation presented by this case is wholly different from those cases in which an attachment is laid against the interest in a decedent's estate, where the interest has not been definitely determined. In such cases the courts have stayed execution against the garnishee until such time as the interest of the defendant has been ascertained by a settlement in the Orphans' Court.

The rules as taken must be discharged. If rules are taken for judgment for the amounts in the hands of the garnishees we will make such rules absolute.