Rex et al., Appellants, *v.* Paramount Rubber Company of New Jersey.

Argued April 21, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*Frank R. Murdock,* and with him *Thomas P. Nee* and *Stonecipher & Ralston,* for appellants.

*H. E. Marker* and *Wm. S. Rial,* for appellee.

Opinion by Keller, J., October 2, 1933:

A rule to quash a writ of foreign attachment is not the proper proceeding to determine whether a bill of sale and transfer of all its property in this State made by the defendant foreign corporation to a Pennsylvania corporation bearing the same name, and with the same officers and management, was in fraud of the former's creditors: Welmet B. & L. Assn. v. Matchica, 310 Pa. 275, 278, 165 Atl. 227. That question can better be determined on an interpleader issue under the Act of June 22, 1931, P. L. 883, following a claim of property by the Pennsylvania corporation; or on the answers to interrogatories by the garnishee in the scire facias, and the trial of the scire facias before

a jury : Morgan v. Watmough, 5 Whart. 125, 127; Welmet B. & L. Assn. v. Matchica, supra, p. 278.

The real point involved in this appeal is whether the sheriff's return is so defective on its face as to require the writ to be quashed.

The sheriff's return was as follows: "Attached, as within commanded, the goods, chattels, moneys and credits of the within named defendant in the hands of E. R. Lynn, Superintendent, on the 22d day of September, 1931, at 10:00 o'clock A. M., and then and there in the presence of Roberta Riggs, a credible person of the neighborhood, declared that I attached the same; and at the same time I summoned the said E. R. Lynn, Superintendent, as garnishee, personally, by handing him a true and attested copy of the within writ, and by making known to him the contents thereof. Jeannette, Pa. Nihil habet as to the within named defendant Paramount Rubber Company of New Jersey, a Foreign Corporation."

The objection is that the return did not set forth in detail the goods and chattels of the defendant company attached.

The only requisites for the issuing of a foreign attachment against a foreign corporation are: (1) That the defendant is a foreign corporation; (2) the presence of the defendant's property, real or personal, within the county, at the time of issuing the writ; or as to intangible property, that there is money, etc., of the defendant in the possession of, or due or owing to it by, some one capable of being summoned as garnishee within the county: Morinelli v. Garin Co., 100 Pa. Superior Ct. 510, 515. Jurisdiction to fasten choses in action by garnishee process depends upon the ability to serve that process upon the debtor of the absent defendant within the jurisdiction of the court issuing the process: Wiener v. American Ins. Co., 224 Pa. 292, 73 Atl. 443; Falk Co. v. Am. Ry. Exp. Co., 79 Pa. Superor Ct. 99, 101. Hence it has never been

contended that in attaching moneys, debts, choses in action, etc., of the foreign defendant—as was done by the sheriff in this case—he need do more than attach them in general terms in the hands of the garnishee and summon the garnishee. Whether the garnishee has in his hands money, debts, etc., due the defendant in the attachment, and if so, how much, is determined by the garnishee's answers to interrogatories, or if disputed, by the jury on the trial of the scire facias.

As to tangible property of the defendant, in the hands of the garnishee, that may be attached and seized by the sheriff under the writ, and there are expressions in the opinions in some of the earlier cases that manual seizure of such property is necessary under the Act of 1836 (June 13, 1836, P. L. 568, secs. 43 to 77, pp. 580-586) but this has been explained or qualified in more recent cases. Thus in Jaffray & Co.'s App., 101 Pa. 583, the sheriff in serving the writ of foreign attachment went to the store of the defendant Weld and in the presence of two credible witnesses, declared that he attached the stock of goods in said store, consisting of calicoes, silks, satins, etc., and made known the contents of the writ to A. W. Byers and G. D. Trawin, who had charge and possession of said store and stock of goods and served it on them as garnishees by reading the writ to them. The Supreme Court reversed the court below and sustained the auditor in holding that the attachment was good and entitled to the fund in court in preference to the assignee for benefit of creditors of the defendant, and execution creditors who issued fieri facias after the attachment was served.

In Longwell v. Hartwell, 164 Pa. 533, 30 Atl. 495, the sheriff in his return to an attachment execution simply stated that he had attached the "goods and chattels, debts, rights and credits and shares of stock

of defendant in the garnishee's hands.'' Mr. Justice MITCHELL, who had no superior as respects common pleas practice, pointed out in the opinion of the court that the practice in attachment executions by statute followed the law of foreign attachment; and then after discussing at some length the history and practice relating to foreign attachments, summed up in five propositions as follows:

''1. The garnishee failing to appear after service of the attachment, with clause of summons, but no specific attachment of goods or credits, plaintiff will be entitled to a judgment by default. But such judgment will be interlocutory only, and plaintiff cannot liquidate it, or have execution, without first by writ of inquiry or before the prothonotary as the rules of court or the practice in cases of default may prescribe, establishing his claim by evidence of the garnishee's possession of goods or credits of the defendant; and the measure of his damages will be the value of such goods. This is the present case.

''2. If the attachment is levied upon specific goods, the default may be taken as an admission of the possession of such goods, but the plaintiff must, by writ of appraisement or otherwise, establish their value.

''3. If the attachment is of money, or a debt, and the amount appears in the sheriff's return the default is an admission of all the requisite facts, and no further evidence or inquiry is necessary. This is Layman v. Beam [6 Wharton 181.]

''4. The proper form of the judgment is for plaintiff against the garnishee, and that the garnishee has in his hands certain goods, effects or credits, to wit, (naming them) of the value, etc., or that the garnishee is indebted to the defendant in the sum of, etc.

''5. Plaintiff's measure of damages, which determines the amount of the judgment against the garnishee, is the value of the goods attached, of course not exceeding the amount of his judgment, interest, and

costs against the defendant. The single exception is when the garnishee neglects or refuses to answer interrogatories, in which case, by the express terms of sect. 57 of the act of 1836, the judgment against him is that he has goods or effects of the defendant sufficient to satisfy the plaintiff's demand, and execution may issue against him as for his own proper debt.''

The first proposition recognized that there could be a valid attachment, with summons against the garnishee, without a specific seizure or attachment of *goods* or *credits*. This was in line with the decision of the Supreme Court in Paxton v. Steckel, 2 Pa. 93, 95, where it was held that the levying of a foreign attachment may be done without any manual handling of the property or taking the goods into possession, and the property be fully bound by it and be in the officer's power and possession and the owner divested of the possession.

A careful reading of the act of 1836, supra, warrants this view. It is true that Section 50 provides: ''The goods and effects of the defendant in the attachment, in the hands of the garnishee, shall, after such service, be bound by such writ, and be in the officer's power, and if susceptible of seizure or manual occupation, the officer shall proceed to secure the same, to answer and abide the judgment of the court in that case, unless the person having possession thereof, will give security therefor.'' But this does not render an attachment invalid if such manual seizure is not made and possession taken, for the act further provides, that, after obtaining judgment against the defendant in the attachment the plaintiff may proceed by scire facias against the garnishee as follows: ''Section 55. After judgment as aforesaid, it shall also be lawful for plaintiff to exhibit in writing, to every garnishee as aforesaid, all such interrogatories as he may deem necessary, touching the estate and effects of the defendant in his possession or charge, or due and owing

from him, as the case may be, to the defendant, at the time of the service of such writ, or at any other time, and cause the same to be filed of record in the cause.

"Section 56. Whenever interrogatories shall be filed as aforesaid, it shall be the duty of the court, upon the motion of the plaintiff, to grant a rule upon the garnishee, to appear before the said court at a time and place in such rule to be named, and then and there to exhibit in writing, under his oath or affirmation, full, direct and true answers, to all and singular the interrogatories of the plaintiff exhibited and filed as aforesaid, or such of them as the court shall deem pertinent and proper.

"Section 57. If the garnishee shall, after due service of rule as aforesaid, neglect or refuse to comply therewith, he shall be adjudged to have in his possession goods and effects of the defendant, liable to such writ of attachment, to an amount or value sufficient to satisfy the demand of the plaintiff, together with all legal costs of suit, and charges, and thereupon execution may issue against him, in like manner as in the case of a judgment rendered against such garnishee for his own proper debt.

"Section 58. If issue be taken, and a trial be had upon any scire facias as aforesaid, the jury shall find what goods or effects, if any, were in the hands of the garnishee at the time the attachment was executed as aforesaid, or afterwards, and also the value thereof.

"Section 59. After a verdict for the plaintiff on any scire facias as aforesaid, it shall be lawful for him to have execution of his judgment, in the attachment to be levied, of the goods or effects so found in the hands or possession of the garnishee, or of so much of them as shall be sufficient to satisfy his demand, together with legal costs of suit and charges, as aforesaid."

It is under these sections that an attachment duly served, will bind property of the defendant coming into the hands or possession of the garnishee after the

service of the attachment, which was never seized, levied upon or attached by the sheriff; Mahon v. Kunkle, 50 Pa. 216; Sheetz v. Hobensack, 20 Pa. 412; *provided* that there was property of the defendant in the hands of the garnishee, or money in the latter's hands due or belonging to the defendant in the attachment at the time the attachment was served on the garnishee: Kennedy Inc. v. Schleindl, 290 Pa. 38, 137 Atl. 815,—overruling, to the extent of the proviso, the earlier case of Silverwood v. Bellas, 8 Watts 420—; Mindlin v. Saxony Spinning Co., 261 Pa. 354, 356, 104 Atl. 598.

We are of opinion therefore that the return of the sheriff was not so defective as to require the writ of attachment to be quashed: Pasquinelli v. Southern Macaroni Co., 272 Pa. 468, 116 Atl. 372; Steel v. Goodwin, 113 Pa. 288, 6 Atl. 49.

Whether the garnishee had in his possession or under his control any goods or chattels, moneys or credits of the defendant at the time the attachment was served on him, and in consequence rendered the attachment effective as process to seize defendant's property in the garnishee's hands (Kennedy Inc. v. Schleindl, supra; Falk Co. v. Am. Ry. Exp. Co., supra), may be determined in scire facias proceedings against the garnishee on answers to interrogatories or trial by jury, as was done in most of the cases relied on by the court below, Kennedy Inc. v. Schleindl, supra; Falk Co. v. Am. Ry. Exp. Co., supra. See also Pa. R. R. Co. v. Pennock, 51 Pa. 244; Wiener v. American Ins. Co., supra; Hampton v. Matthews & Shaw, 14 Pa. 105; Shriver v. Harbaugh, 37 Pa. 399.

The assignment of error is sustained and the order of the court below is reversed, with a procedendo.