## Girard Trust Company, Trustee, v. Stopp

*Fred B. Gernerd,* for plaintiff.

*Butz, Steckel & Rupp,* for garnishee.

HENNINGER, J., January 25, 1937.—This matter comes before the court upon a rule for judgment upon answers

to interrogatories. In an opinion in this matter filed November 23, 1936, discharging a rule to quash the writ of attachment execution, we decided that at least the personal property, held in the irrevocable trust of which the garnishee is trustee and defendant, Joseph H. Stopp, is settlor and life beneficiary, was subject to attachment for satisfaction of plaintiff's debt, which was in existence at the time of the creation of the trust.

In that opinion, without reference to the answers to the interrogatories, we held the corpus and income of the trust attachable. In studying the answers, we find an averment that the setting up of the trust did not render defendant insolvent. Furthermore, as stated in said opinion, in all of the cases cited by plaintiff the settlor had retained the right to dispose of the remainder by appointment, hence retaining some control over the corpus, whereas in this case he has irrevocably divested himself of all control over the corpus and has even imposed a spendthrift trust upon his own life estate.

It is conceivable that, if the establishment of such a trust left the settlor in a strong financial condition and he had irrevocably surrendered all title to and right of disposition of the corpus, in that case only the life estate retained by him would be subject to his debts.

In view of the fact, however, that the trust is specifically made "subject to any of the present debts of me, the said Joseph H. Stopp", we need not decide whether the obiter dicta of Mackason's Appeal, 42 Pa. 330, and Nolan v. Nolan, 218 Pa. 135, control this situation, as well as the one in which control over the corpus has been retained.

Since the former opinion was rendered, the Superior Court, in Shallcross et al., Receivers, v. North Branch-Sedgwick B. & L. Assn., 123 Pa. Superior Ct. 593, has held the Deficiency Judgments Act of July 1, 1935, P. L. 503, 21 PS §808, unconstitutional and, therefore, the stay of execution as to other real estate of a mortgagor pending sale of the mortgaged premises is inoperative, and,

for the reasons given in our opinion above cited, the entire trust estate is now subject to plaintiff's attachment.

There still remain two problems: (1) The amount due plaintiff; and (2) the nature of the garnishee's responsibility to plaintiff.

The principal question as to the amount due plaintiff concerns the reasonableness of the attorney's commission of 5 percent. This commission is somewhat less than the commission provided for in the minimum fee bill in force among the bar of Lehigh County for the collection of commercial claims, but is considerably more than the amount currently being paid for the foreclosure of mortgages. By reason of the unusual procedure and the necessity of establishing the legal principles which entitle plaintiff to recover out of this trust fund and any future difficulties which may be encountered in realizing the amount out of the assets of the trust estate, we feel that the figure of 2 percent allowed upon smaller claims in Daly v. Maitland, 88 Pa. 384, and in Warwick Iron Co. v. Morton, 148 Pa. 72, should be doubled in this case. We, therefore, find that a commission of 4 percent upon the overdue principal and interest is reasonable and fix the attorney's commission at that figure.

The parties have submitted a statement of rents collected, for the net amount of which plaintiff admits a credit on its judgment. There is no serious dispute as to these items, and the court finds defendant entitled to a credit as of January 2, 1937, of $390.75, with rent due from the mortgaged premises from December 1, 1936, and taxes paid in full up to the year 1933, and unpaid from that date.

To recapitulate, there is due and owing to plaintiff the amount of its judgment, $23,187.57, less the reduction in commission from 5 to 4 percent of $220.43, or a balance of $22,967.08, with interest thereon from August 19, 1936, the date of the entry of the judgment. Defendant is entitled to a further credit for rents collected, in the amount

of $390.75, together with the amount of any rents which may hereafter be collected by the mortgagee.

While the trust assets seem ample to provide funds for the satisfaction of plaintiff's judgment, this court cannot appraise them and hold the trustee personally responsible for the amount of plaintiff's judgment. This court can only declare that certain assets are subject to execution for the satisfaction of plaintiff's debt and enter an order permitting plaintiff to satisfy his judgment out of such goods: Bonnaffon, etc., v. Thompson, 83 Pa. 460; Longwell v. Hartwell, 164 Pa. 533.

Since plaintiff has asked for judgment upon the answers, we are bound by the facts therein stated as to the value of such assets: Lancaster County Bank, for use, v. Gross et al., 50 Pa. 224.

We are here faced by another problem. Accepting the truth of these answers, defendant, Joseph H. Stopp, was solvent at the time this trust was set up and after, and therefore the trust was not fraudulent and prevails against the world, excepting as to existing creditors. The succeeding life and remainder interests under the trusts are vested in the respective beneficiaries; the trustee is obliged to protect such interests to the best of its ability, and such interests deserve consideration from this court: Potter v. Fidelity Insurance Trust & Safe Deposit Co. (No. 1), 199 Pa. 360.

In order to serve the interests of all parties, therefore, execution should be stayed to give the garnishee an opportunity to realize the amount due plaintiff. There is ample authority for this procedure, where the assets in a garnishee's hands are of doubtful value: Allen v. The Erie City Bank, 57 Pa. 129; where security is ample: Augustine, to use, v. Augustine, 291 Pa. 15; where a hardship would result: Anstead et al. v. Cook, 291 Pa. 335; and where a public interest is involved: Sinking Fund Commissioners of Phila. v. Philadelphia et al., 324 Pa. 129. Practically all of these elements appear in this case. While there is no public interest, there is the interest of

others than the parties to the proceedings as to whom there would also be a hardship. Furthermore, there is ample security and a much greater value can be realized by the trustee than could be hoped for at sheriff's sale. Because of the ample security and because plaintiff will hold its mortgage until fully satisfied, there is no danger of loss to plaintiff pending the trustee's liquidation of assets to satisfy plaintiff's claim.

Since this is a voluntary trust and expressly provides that it is subject to the then existing debts of the settlor, satisfaction of plaintiff's claim should be made out of corpus rather than out of income.

The attorney for the garnishee has asked the court to fix an attorney fee in accordance with the Act of April 22, 1863, P. L. 527, sec. 1, 12 PS §2999. The attorney had to prepare and file a complicated answer and to determine the legal liability of the trust estate for plaintiff's claim. We believe a fee of $200 would be reasonable for such services.

Since third parties are interested in this trust, and since assets of the trust estate are being used to satisfy a debt upon a property specifically excluded from the trust estate (apparently because held as tenants by entireties), the trustee should be subrogated to the rights of plaintiff, and upon satisfaction of plaintiff's claim in full is entitled to an assignment to it of the bond and mortgage to become an asset of the trust estate. Since the trust estate is subject to this debt, the obligors shall not be held personally liable for the payment of the mortgage debt as between the settlor, his wife or the remaindermen. For the protection of the remaindermen, however, no income from the mortgaged premises should be paid the obligors but should be devoted to the payment of overdue taxes, interest and costs and to the reduction of the mortgage to a point satisfactory for investment in a trust estate.

Now, January 25, 1937, the rule to show cause why judgment should not be entered upon answers filed to the

interrogatories in the above-captioned attachment execution is made absolute, and judgment is hereby entered in favor of plaintiff, Girard Trust Company, trustee under the last will and testament of John Wright, deceased, and against Joseph H. Stopp and M. Evelyn Stopp, defendants, and against Allentown National Bank, trustee, garnishee; that said defendants are indebted to said plaintiff in the sum of $22,967.08, upon a judgment entered in this court to no. 647, June term, 1936, with interest thereon from August 19, 1936, and with a credit as of January 2, 1937, of $390.75, for rents collected by plaintiff mortgagee in possession; that the said garnishee, Allentown National Bank, trustee under a deed of trust executed by Joseph H. Stopp and M. Evelyn Stopp, dated January 15, 1931, and recorded in the Recorder's Office of Lehigh County in Misc. Book vol. 97, page 652, and in Deed Book vol. 512, page 116, holds in its hands as such trustee personal and real property as fully described in answer no. 12 of the answers to interrogatories filed in this matter on September 26, 1936, and no valuation has been shown on the interest of Joseph H. Stopp therein; that said personal and real property, as well as the current income thereon in the hands of the garnishee, are liable to execution and sale to satisfy the said judgment; that a stay of execution is granted upon this judgment for a period of six months from this date, to enable the garnishee to liquidate sufficient assets of the trust estate to satisfy the same, and that, as such assets are liquidated, payments shall be made from time to time to plaintiff; that if sufficient can be realized from the corpus of the trust estate to pay the judgment, the same shall be used in preference to income; that upon payment in full of said judgment, plaintiff shall assign the bond upon which said judgment was entered, together with accompanying mortgage to the garnishee to be hereafter held as an asset of the trust estate, but without any personal liability on the part of the obligors beyond the value of the mortgaged premises, provided that the net rents from the mortgaged

premises shall not be paid to the life beneficiaries until the trust estate shall have recovered sufficient toward the principal, interest, taxes, and costs to constitute the mortgage a satisfactory investment in said trust fund; that a fee of $200 shall be paid to the attorney for the garnishee as costs in these proceedings which, with other costs in this case, shall be paid out of the corpus of said trust estate.