## Merchants National Bank of Shenandoah *v.* Davis (et al., Appellant).

Argued January 27, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*J. L. N. Channell,* for appellant.

*E. W. Shoemaker,* for appellee, submitted a brief.

PER CURIAM, March 22, 1937:

The Act of June 16, 1836, P. L. 755, makes no provision for judgment by default for want of an appearance against a garnishee in attachment execution. The same is true as to foreign attachments under the Act of June 13, 1836, P. L. 568. It has, however, been held in decisions under these acts that such judgment is proper as a general legal consequence of the failure to answer. See *Layman v. Beam,* 6 Whart. 181; *Jones v. Tracy,* 75 Pa. 417; *Longwell v. Hartwell,* 164 Pa. 533. But it appears that the judgment here entered is improper. It should not have been entered against the garnishee for the debt, interest and costs of the original judgment upon which execution had issued. Plaintiff is merely entitled to an interlocutory judgment, and cannot liquidate it, or have execution, without first, by writ of inquiry or before the prothonotary as the rules of court of the particular county may prescribe, establishing the amount of his claim against the garnishee by evidence of the latter's possession of goods or credits of the defendant; and the measure of his damages will be the value of such goods: *Longwell v. Hartwell,* supra.

Under our powers, as stated in *Jones v. Tracy,* supra, at p. 420, we will decree a modification. Judgment must be only for the value of such of the debtor's property as is in the hands of the garnishee. Appellee will still be required to proceed upon rule and interrogatories or

otherwise to liquidate this sum. The service of the writ has already bound that property in the garnishee's hands. Under the circumstances and to prevent delay this is the proper order.

Judgment is modified as here directed with a procedendo.