## Pennell *versus* Grubb.

A garnishee, in an attachment execution, may set-off a cross demand, existing in him against the defendant in the judgment; but the set-off must have been acquired before the proceeding against the garnishee was served.

A set-off is, in substance, a cross action; and a cross demand must be complete, when the action was instituted.

In determining the question, whether the service of the attachment execution on the garnishee, or the acquisition of the demand by the garnishee, against the defendant in the attachment, was prior in time, the onus lies on the garnishee, who alleges the possession of the counter claim; there is no *presumption* existing in the case.

ERROR to the Common Pleas of *Lancaster county*.

A case was stated, and the following facts agreed on.

On the 26th day of January, 1848, William W. Pennel obtained a judgment against James H. Pennell, for a real debt of $1384 88, payable forthwith, which was duly entered in the Court of Common Pleas of Lancaster county, No. 80, January Term, 1848, on January 27th, 1848.

On the 28th day of January, 1848, an attachment *ad. lev. deb.* in satisfaction of this judgment was issued as follows, viz:

William W. Pennell *vs.* James H. Pennell, defendant, and A. Bates Grubb, garnishee.   No. 9, April Term, 1848.

March 3, 1848, a plea in abatement was filed by garnishee.

March 14, 1848, a replication was filed by plaintiff, and on the same day, judgment entered for said garnishee.

In the meantime William W. Pennell died intestate, and on the the 17th day of March, 1848, letters of Administration were granted to George Quigley and James B. Lane, upon his estate.

On the 26th day of June, 1848, the second writ of attachment first as above stated, No. 88, August Term, 1848, against James H. Pennell, defendant, and Edward Grubb and A. Bates Grubb, garnishees, was issued; and the same was afterwards returned as follows, viz:

"June 26th, 1848, writ executed as per schedule annexed.  So answers                              D. HARTMAN, Sheriff."

Schedule.

"June 26th, 1848, I attached all and singular the moneys, rights and credits in hands of and possession of A. Bates Grubb, and summoned him as garnishee, by reading and copy; as to E. Grubb and Jas. H. Pennell, defendant, N. E. I.

"So answers,                              D. HARTMAN, Sheriff."

On the 10th day of March, 1848, Edward Grubb and Clement B. Grubb, partners in trade, under the name and firm of Edward & C. B. Grubb, obtained a judgment against James H. Pennell,

for a real debt of $635, which was duly entered in the Common Pleas of Lancaster county, No. 177, January Term, 1848.

On the 26th day of June, 1848, the same day when the attachment issued, the following entry was made, and appears on the docket, viz:

" June 26, 1848.　This judgment stands for the use of E. & C. B. Grubb.　　　　　　　　　　　　E. & C. B. GRUBB."

Opinion of the court, LEWIS, President.

An attachment was issued and served upon the above named garnishees on the 26th June, 1848.　On the same day, the garnishees became the owners of a judgment against James H. Pennell for an amount greater than their indebtedness to him.　There was no evidence to shew which of these acts was first in the order of time, the service of the attachment or the purchase of the judgment—both having occurred on the same day.　There is no legal presumption that the service of the attachment was first.　It is necessary to the plaintiff's case to prove his attachment was served before the garnishees, indebtedness was satisfied by the judgment acquired.　Failing in this, the judgment must be for the defendants.

Judgment for the defendants upon the case stated.

Error assigned.

The court erred in entering judgment for the defendants on the case stated.

The case was argued by *Ford* for the administrators, plaintiffs in error.

First, The fiction and doctrine that in law there is no fraction of a day, when it becomes essential, for the purposes of justice, to ascertain the exact hour or minute, no longer prevails.

3 *Chit. Gen. Prac.* 110, 111; 1 *East*, 154, Fields *vs.* Jones; 3 *Burr.* 1434, per Ld. Mansfield.

Second, The presumption in this case is, that the attachment was issued and served first; and after being so issued the garnishees procured this assignment of the judgment of E. & C. B. Grubb to them.　This is not therefore such a claim as may be either legally or equitably set off in this case, under the "Act for Defalcation, 1704." 2 *Ed. Dunlop's Laws*, 45.

Because the claim must have been due and obtained before the suit in which it is offered to be set-off is brought; Reed *vs.* Ingraham, 3 *Dal.* 505, 506—per curiam; Sparks *vs.* Garrigues, 1 *Bin.* 158, per Yeates, J.; Richter *vs.* Selin, 8 *S.* & *R.* 436, per Duncan, J.; Marshall *vs.* Sheridan, *et ux.* 10 *S.* & *R.* 268, per Gibson, J.; Morrison *vs.* Moreland, 15 *S.* & *R.* 62, per Huston, J;

Stewart *vs.* The U. S. Ins. Co. 1 *W.* 126, per Kennedy, J.; Huling *vs.* Hugg, 1 *W.* & *S.* 418, per Rogers, J.

In the case last cited, it is expressly laid down, that "a debt or demand to be set-off under the statute must be an existing debt or demand at the time of the commencement of the suit."

Now in the case under consideration, there is no pretence that the garnishees had this judgment assigned to them at the time of the issuing of the writ. On the contrary, the facts admitted show that they did not get it, nor was there any transfer or assignment made, until after the suit had been commenced, and the writ had issued.

*T. Stevens*, with whom was *S. Stevens*, for the Messrs. Grubb.

Defendants deny that they owe James H. Pennell any thing, but that he is indebted to them.

That the attachment was not effectual against them till it was *served;* and that E. & A. B. Grubb were the *bona fide* assignees of the judgment of E. & C. B. Grubb *vs.* James H. Pennell, before the *service* of the attachment, subject to every equity which existed in the judgment debtor at the time of the assignment.

The opinion of the court was delivered by

GIBSON, C. J.—The question in this case arises on the onus. It is doubtful on the admission of the parties whether the assignment of the judgment to the garnishees, or the service of the attachment was prior in time, and in the absence of inference or presumption on either side, which of the parties was bound to furnish the proof? A cross demand against the defendant in an attachment may be set-off by the garnishee, as it may by a defendant in any other suit, but subject to the same rules and restrictions; and a defendant may not set-off a demand acquired after the action was instituted. Nor may a plaintiff give evidence in a cause of action incomplete at the impetration of the writ. But set-off is in substance a cross action; and a cross demand also must have been complete when the action was instituted. In this respect the parties stand on equal ground. Neither is allowed to get the whip hand and souse the other in costs, by starting before he was ready. But who is to prove that the cross demand was not subsequently acquired? Certainly, he who asserts the fact. There is no presumption in the case; and he is bound to support his allegation with proof. A plaintiff would not be admitted to prove a cause of action, without proving, if there were any doubt about it, *when* it accrued; and for a similar reason, a garnishee, may not set-off a cross demand without proving that it was acquired before the attachment was laid.

Judgment of the court below reversed and judgment rendered here for the plaintiffs on the case stated.