Mrs. Ida B. Wherry to use of D. L. Rosensteel *v.* Mrs. Ida B. Wherry, widow and administratrix of T. T. Wherry, deceased, Maggie E. Wherry and Paul Wherry, minor children of T. T. Wherry, deceased, and his heirs, by J. M. Leech, guardian, Appellants.

*Practice, C. P.—Attachment execution—Subrogation—Equity.*

The attachment execution of an attachment creditor is his suit to reach the debt alleged to be due to his debtor, and is the only remedy to which the law entitles him. By that he gets a judgment against his debtor's debtor, and an execution according to his judgment, and it is only in equity that he can claim subrogation to any of the collateral means held by his debtor for securing the debt attached.

A creditor who attaches a judgment owned by his debtor, and obtains judgment against the garnishee, cannot subsequently, without having proceeded on his judgment against the garnishee, and without having obtained a special order of court, mark the judgment in favor of his debtor to his own use and issue a scire facias thereon to revive it.

Argued Oct. 12, 1896. Appeal, No. 59, Oct. T., 1896, by defendants, from judgment of C. P. Armstrong Co., Sept, T., 1893, No. 93, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Scire facias to revive judgment. Before RAYBURN, P. J.

The facts appear by the opinion of the Supreme Court.

[At the trial defendants counsel objected to the jury being sworn in the case, Mrs. Ida B. Wherry for use of D. L. Rosensteel, as the name of D. L. Rosensteel is on the record as use plaintiff without authority of law, and also objected to the jury being sworn to Paul Wherry, Maggie Wherry or John M. Leech, guardian, for the reason that there had been neither service nor appearance of Paul Wherry, Maggie Wherry or John M. Leech, guardian.

The Court: "We will overrule the motion as to the first part of it in reference to the use plaintiff; and the other part of the motion we will sustain. Let the jury be sworn as to Mrs. Ida B. Wherry, as widow and administratrix of T. T. Wherry, deceased, as defendant. We will grant you an exception and sealed bill.]" [1]

The court charged as follows:

[This is an action in the name of Mrs. Ida B. Wherry for use of D. L. Rosensteel against Mrs. Ida B. Wherry, widow and administratrix of T. T. Wherry, deceased. Those are the parties between whom the issue is which you have been sworn to try.

The evidence on the part of the plaintiff in this case is that D. L. Rosensteel had obtained a judgment against Ida B. Wherry as administratrix and widow of T. T. Wherry, she being summoned as garnishee. Ida B. Wherry held a judgment against T. T. Wherry. D. L. Rosensteel held two judgments against Ida B. Wherry; then D. L. Rosensteel issued attachment executions upon these two judgments he had against Ida B. Wherry, and summoned Ida B. Wherry, administratrix and widow of T. T. Wherry, as garnishee; and upon the issue joined in these two attachment executions judgments were obtained. This is a scire facias upon a judgment which Ida B. Wherry held against T. T. Wherry; he being dead, and it being against his estate, she being substituted as administratrix of the estate of T. T. Wherry.

Now, under the evidence submitted before you, gentlemen, the view we have taken of the law in this case is that it would be your duty to return a verdict in favor of the plaintiff and against Ida B. Wherry, administratrix of T. T. Wherry, deceased, in the amount of the judgment with interest from the date of its entry up until the present time. The amount of the judgment as entered was $1,077, and it bears interest from the 17th day of October, 1882, and the interest upon the judgment from that date up until the present time amounts to $831.99, making the total amount of the judgment $1,908.99. It would be your duty under the evidence to return a verdict in favor of the plaintiff, and against Ida B. Wherry, administratrix of T. T. Wherry, deceased, for that amount.] [2]

Verdict and judgment for plaintiff for $1,908.88. Defendants appealed.

*Errors assigned* among others were (1, 2) above instructions, quoting them.

*W. D. Patton*, for appellants.—It is only in equity that an attaching creditor can claim subrogation to any of the col-

lateral means held by his debtor for securing the debt attached: Corson v. McAfee, 44 Pa. 288.

A judgment for an entire sum payable at one time cannot be divided by an assignment of part thereof, so as to entitle the assignee to separate process to revive or enforce payment of the part assigned: Hopkins v. Stockdale, 117 Pa. 365.

A writ of scire facias to revive a judgment should follow the original in amount, the date, the names of the parties, and if there is a failure or defect in any of these respects, it is fatal on a plea of nul tiel record: Wood v. Codding, 134 Pa. 91; Landon v. Brown, 160 Pa. 538; Act of February 24, 1834, P. L. 77.

*M. F. Leason,* with him *J. W. King,* for appellee.—By operation of law, under the judgments in attachment, the judgment at No. 122, Sept. T., 1883, was appropriated to the use of the appellee, and he was entitled to use it with all its legal incidents in the enforcement of the collection of the debt due him: Fitzsimmons' App., 4 Pa. 248; Reed v. Penrose's Executrix, 36 Pa. 214; Ernst's Est., 164 Pa. 87.

The judgment being entered in the lifetime of T. T. Wherry remains, as to lien, indefinite without revival against his heirs and devisees: Shannon v. Newton, 132 Pa. 375; Brown's App., 91 Pa. 485; McCahan v. Elliott, 103 Pa. 634; Colenburg v. Venter, 173 Pa. 113.

The objection made by appellants to the præcipe and writ is without foundation. The writ warned the administratrix to appear and to show cause why she should not be substituted, and why the judgment should not be revived et quare executionem non: McCabe v. U. S., 4 Watts, 325; Wallace's Admr. v. Holmes, 40 Pa. 427.

Opinion by Mr. Justice McCollum, January 4, 1897:

Ida B. Wherry, on the 10th day of July, 1883, obtained a judgment against T. T. Wherry, her husband, who died on the 26th of April, 1884, without having paid the judgment, or any part of it. Letters of administration upon his estate were issued to her, and J. W. Leach was appointed guardian of his minor children. On the 5th of January, 1889, Ida B. Wherry gave her note to D. L. Rosensteel for $318 on which he

entered a judgment against her. On the 4th of June, 1890, he obtained another judgment against her for $323.58, and on the same day he issued an attachment execution upon each judgment, and summoned Ida B. Wherry, administratrix of T. T. Wherry, deceased, as garnishee. In each attachment proceeding there was a verdict and judgment against the garnishee for the sum due the plaintiff on his judgment against the defendant, the execution issued thereon to be levied, etc., in accordance with the established procedure in such cases; Bonnafen v. Thompson, 83 Pa. 460, and Hartley v. White, 94 Pa. 31. The judgments against the garnishee were based upon the indebtedness of the estate to Ida B. Wherry on her judgment against the decedent. On the 8th of July, 1893, Rosensteel's attorneys filed a præcipe for a sci. fa. on the last mentioned judgment, naming Ida B. Wherry, for use of D. L. Rosensteel, as plaintiff, and the administratrix and minor children of T. T. Wherry, deceased, as defendants. The sci. fa. was issued, and Ida B. Wherry, administratrix aforesaid, appeared in answer to it and alleged inter alia that the issuance of it was unwarranted. This presented we think the important and controlling question in the case. The court deeming the defense made as insufficient, instructed the jury that it was their duty to find for the plaintiff the sum of $1,908.99. They did as instructed, and judgment was entered on the verdict for that amount. Rosensteel was not subrogated to the rights of the plaintiff in the judgment, or authorized to issue any process upon it, by any order of court. Unless the attachment proceedings above recited clothed him with authority to substitute himself as use plaintiff in the judgment, and to enter and prosecute a suit for the revival and collection of it, the judgment appealed from should be reversed, and the proceedings which resulted in it should be set aside. It is claimed by his counsel that his judgments against the garnishee furnished a sufficient warrant for the institution of the suit, and naming him as use plaintiff in it. Fitzsimmons' Appeal, 4 Pa. 248, and Reed v. Penrose's Executrix, 36 Pa. 214, are cited as authority for this claim. Neither of them however decides the question before us. In the former case the question arose on the distribution of the proceeds of a sheriff's sale of the property of Baldwin, who was Fitzsimmon's debtor. The contest was between Fitzsimmons and his credi-

tor who had obtained a judgment against him and issued an attachment execution thereon in which he recovered judgment against Baldwin as garnishee. It did not involve the control of Fitzsimmons' judgment against Baldwin, nor the right of the attaching creditor to substitute himself as plaintiff in it, and issue process upon it. There is nothing in Reed v. Penrose, executrix, supra, which supports the appellee's contention, or affects the question presented by this appeal. In Corson v. McAfee, 44 Pa. 288, LOWRIE, C. J., referring to the rights of the attaching creditor said: "His attachment is his suit to reach the debt alleged to be due to his debtor, and that is the only remedy to which the law entitles him. By that he gets a judgment against his debtor's debtor, and an execution according to his judgment, and it is only in equity that he can claim subrogation to any of the collateral means held by his debtor for securing the debt attached." This appears to us as a true and correct statement of the position and rights of the attaching creditor. The statute which gives him the attachment gives him in express terms process for the enforcement of the judgment he obtains in it. It contemplates the employment of this process before resorting to a suit upon the book account, note or judgment which his debtor has against the garnishee. Ordinarily the execution process given by it is adequate for the accomplishment of his purpose in issuing the attachment. If subrogation to the rights of his debtor in the judgment which the latter holds against the garnishee is necessary for his protection, he should apply to the court for it, and notify the plaintiff of the application. He cannot, of his own volition mark the judgment for his use and issue process upon it. There is nothing in the record before us which shows that an execution was issued on the judgment obtained against the garnishee in the attachment proceeding, or that the judgment could not have been collected by it.

The judgment is reversed, and the præcipe and all proceedings thereunder are set aside.