## Patterson v. Hires Condensed Milk Co., Appellant.

*Contract — Bailment — Lease of cows — Forfeiture — Set-off — Waiver.*

Eight cows owned by a milk company were leased to a farmer under an agreement in writing by which the lease was fixed for eighteen months at a certain rental per month; the lessee was to sell all of the milk from the cows to the company, and the latter was to retain twenty per cent. of the monthly receipts during the term. At the end of the term the lessee, if not in default, was to have the cows as his own property. During the term he was to feed and properly keep them, and to replace any that died. After the expiration of several months, two of the cows died, and he did not replace them. Subsequently the lessor took back the six cows without demand or notice. The lessee brought an action to recover the percentages retained by the lessor, and the latter at the trial sought to set off the value of the two cows that had died. The lessor offered evidence to show that the company had agreed that he should not replace the cows, and the evidence as to whether they had been properly fed was conflicting. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Nov. 15, 1915. Appeal, No. 58, Oct. T., 1915, by defendant, from judgment of C. P. Chester Co., Jan. T., 1914, No. 74, on verdict for plaintiff in case of Theodore G. Patterson v. Hires Condensed Milk Co. Before RICE, P. J., HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover retained percentages. Before JOHNSON, P. J., specially presiding.

At the trial it appeared that on November 18, 1912, the plaintiff, Theodore G. Patterson, leased eight cows from the Hires' Condensed Milk Company, by virtue of the following lease "Received Nov. 18, 1912, at Malvern, Pennsylvania, from the Hires Condensed Milk Company, called in this paper the owner, eight milch cows, all in

good condition, described as follows: Holsteins, black and white, numbered as follows:....... These cows are received by me only on hire from the owner and the only terms of such hiring are as follows: Twenty per cent. of each month's milk check to be retained and credited on note until it shall be paid in full. The period of hiring is to be eighteen months from this date. The hire is to be 1,210 dollars, of which ...... dollars are now paid on account, and the balance shall be paid in one note for 1,210 dollars each, now delivered by me to the owner, each note bearing from this date, payable as follows: Twenty per cent. on monthly receipts for milk to be retained and credited on note until it shall be paid in full. The cows are to be used by me on my farm in a careful and prudent manner, and shall be well fed and properly housed. Their milk and calves are to be mine during the period of hiring. In case of the loss or death of any cow during the period of hiring, I shall replace it with one of the same value and age at my own expense, and to be approved by the owner, and without deduction from the amount of hire as fixed above.

"So long as I keep the cows on hire, I agree with the owner as follows: To sell and deliver to the owner at its plant at Malvern, Chester County, Pennsylvania, all my output and supply of milk, which is to be pure, clean and in a sanitary condition from my dairy and my herd of cows and from the cows on hire, as above stated, provided the owners shall pay for such milk the market prices, which prices the owner shall post at its plant on the twenty-fifth day of each month, to be effective during the next calendar month. And the owner shall set apart and retain an amount equal to twenty per cent. of the entire milk account due me each month to be applied by the owner on account of the hire due or to become due by me for the said cows until such hire shall be fully paid, and such amount shall be credited by the owner or any unpaid note or notes above described.

"On the expiration of the period of hiring or any de-

fault on my part under this agreement, I shall return the said cows to the owner at such place in Chester County, Pennsylvania, as the owner requires, or the owner may enter any place where the cows are and retake them. In either such event, or if I shall be in default in any respect under this agreement, the unpaid balance of the hire, with interest, shall at once be due and payable by me at the option of the owner, and the said notes then unpaid shall be returned to me.

"Whenever the hire shall be fully paid, and I shall not be in default under this agreement, I shall be entitled to receive a bill of sale of the cows on my stating to the owner in writing that I wish such a bill of sale and on my paying the owner one dollar for the same."

Two of the cows died, and were not replaced. Plaintiff claimed that the company had agreed that he should not replace them. Subsequently the company without demand or notice removed the six cows from plaintiff's possession. Suit was brought to recover the sum of $296.32, the amount of the retained per centages. The defendant claimed to set off the value of the two cows. There was conflicting evidence as to whether the cows had been properly fed and cared for.

The court charged in part as follows:

["If you find, however, that he wasn't justified then the plaintiff will be entitled to recover $296.32 with interest, allowing to the defendant, however, whatever you can find from the evidence that this property, that these cows, were reasonably worth to the plaintiff during that year. For while we are holding that he may recover back all the money and interest upon it which he paid less—we hold he can only recover that less the rental value less their value, whatever it may have been of the eight cows to the plaintiff during this year.] (2)

["We say to you as we construe this agreement the value of these cows, one killed by lightning and the other through sickness of some kind, can not be set off against the plaintiff's claim. That provision contemplated a

continuance of this contract from the beginning to the end, and that the taking possession of them by the defendant prevents them from setting that off against the plaintiff's claim in this case.   So far as the cows are concerned which the lease provides that the plaintiff would have to furnish in case of death, give that no consideration."]   (3)

Verdict and judgment for plaintiff for $233.21.   Defendant appealed.

*Errors assigned,* among others, were (2, 3) above instructions quoting them.

*J. Paul MacElree,* for appellant.

*J. Frank E. Hause,* for appellee.

OPINION BY KEPHART, J.

Set-off may only be allowed when the party claiming it has a cause of action upon which suit may at once be instituted: Pennell v. Grubb, 13 Pa. 552.   Complaint is made of the charge of the court wherein the trial judge stated that the value of the two cows lost could not be set off against the plaintiff's claim.   The contract of hire specified that in case of the loss or death of any cow during the period of hire it should be replaced with one of the same value and age at the lessee's expense.   It did not specify the time when such cows were to be replaced. If it were not reasonably within the defendant's means to immediately or for sometime after the loss or death to replace the cows, the contract did not authorize a forfeiture on that ground.   The plaintiff, by complying with all the terms of the contract and paying the consideration stipulated in the lease for the hiring of the cattle, would become the owner of all the cattle held under the lease.   This condition would continue to be operative until the contract was completed.   The plaintiff had submitted evidence showing that he had been re-

lieved from the obligation of replacing the cows, and that, if there was a forfeiture for failure to replace when demanded, it had been waived. Forfeitures should not be sustained unless it clearly appears from the contract that such was the intention, or the facts are such that justify the exercise of this right. The court submitted the question to the jury. After carefully reviewing the testimony and the charge of the court as a whole, we do not think reversible error was committed.

The judgment is affirmed.