## Goller v. Wass's Administrator.

*Attachment execution—Rights of attaching creditor—Jury trial.*

Where a plaintiff issues an attachment execution and the garnishee enters a plea of *nulla bona*, upon trial thereof, the plaintiff must offer in evidence his judgment or the writ of attachment execution in order to show that he is a creditor; otherwise the court will direct a verdict for the defendant.

Motions for new trial and for judgment *non obstante veredicto*. C. P. Somerset Co., Sept. T., 1925, No. 454.

*Boose & Boose*, for plaintiff; *Shaver & Heckman*, for defendant.

BERKEY, P. J., July 11, 1927.—The plaintiff, L. R. Goller, issued an attachment execution, Aug. 19, 1925, against Edward Wiltrout, defendant, with clause of *scire facias* to Asa T. Matthews, administrator of Phœbe A. Wass, deceased, as garnishee. The case was then proceeded with irregularly.

The court, on motion, struck from the record the irregular matters, entering the following order: "The attachment execution stands as the plaintiff's statement of demand, and leave is granted to the plaintiff, L. R. Goller, to rule the defendant or the garnishee, or both, to plead to the plaintiff's statement, by which procedure an issue of fact may be raised and the case go to trial on the disputed matter of facts raised by the pleading."

The garnishee, on Oct. 20, 1926, entered a plea of *nulla bona* and specially pleaded:

"*(a)* Edward Wiltrout, on May 27, 1924, was advanced by your administrator the sum of twenty-three and 10/100 ($23.10) dollars, that being the amount which he owed the estate of Phœbe A. Wass, deceased, for the purchase of personal property at the administrator's sale of the personal property of the decedent.

"*(b)* That on May 9, 1925, Edward Wiltrout assigned to Allen Becket the balance due him, the said Edward Wiltrout, from the estate of Phœbe A. Wass, deceased, and said assignment was filed with the administrator on May 9, 1925.

"*(c)* The said fund is further liable to reasonable counsel fees to be awarded by the court under the provisions of section 1 of the Act of April 22, 1863, P. L. 527, for services as counsel rendered the garnishee in these proceedings by Daryle R. Heckman, Esq., and C. L. Shaver, Esq., members of the bar of the Courts of Somerset County, Pennsylvania, the amount of which is to be ascertained, determined and fixed, as said Asa T. Matthews is advised and believes, by the Court of Common Pleas of Somerset County, Pennsylvania."

The case went to trial on the issue thus raised, resulting in a directed verdict for the defendant. The case is before the court on motions for new trial and judgment *n. o. v.*

All the reasons assigned go to the one proposition that the court erred in giving binding instructions to the jury to return the verdict for the defendant. The instructions to the jury were thus stated by the court: "There is no evidence here that this plaintiff is a creditor, and, therefore, [he] is not entitled to a verdict at your hands, and under the law we direct you to return a verdict for the defendant."

The plaintiff in an attachment execution is placed in the position and acquires the right of the debtor: Fessler *v.* Ellis et al., 40 Pa. 248. His attachment is his suit to reach the debt alleged to be due to his debtor: Corson *v.* McAfee, 44 Pa. 288, 291; Wherry *v.* Wherry, 179 Pa. 84, 88. The thirty-fifth section of the Act of June 16, 1836, P. L. 755, declares that a clause in the nature of a *scire facias* against a garnishee in a foreign attachment shall be inserted in the writ of attachment. . . . In form, then, a writ of attachment execution is like a writ of *scire facias* which issues on a judgment in foreign attachment. . . . The form of procedure is the same in each: Bonnaffon *v.* Thompson, 83 Pa. 460, 461. A *scire facias* contains the substance of a declaration, and, therefore, in suits of this kind, declarations have not been usual (Kean et al. *v.* Franklin, 5 S. & R. 146, 155); a *scire facias*, though not in all respects an action, but rather a demand of execution, does in truth partake, in a great measure, of the nature of an action. There would be no impropriety in filing a declaration on a *scire facias*, though it is seldom done, because there is no occasion for it, as everything necessary to be set forth in a declaration is contained in the body of the *scire facias*, to which the defendant may plead (Umberger *v.* Zearing, 8 S. & R. 163, 164), but a *scire facias* answers the purpose both of a writ and a declaration: McKinney *v.* Mehaffey, 7 W. & S. 276.

The trial proceeded by the plaintiff without, at any stage of the case, putting in evidence the plaintiff's judgment against the defendant or putting in evidence the attachment execution with clause of *scire facias* by virtue of which no cause of action came upon the record. Counsel for the plaintiff contends "that it was not incumbent upon the plaintiff to offer the original judgment," and cites Black *v.* Nease, 37 Pa. 433. It is there said: "These attachment executions are governed by the law of foreign attachments, and

Goller v. Wass's Administrator.

it is the rule in foreign attachments that the garnishee shall not plead any-thing to the *scire facias* which goes to lessen or deny the debt from the defendant to the plaintiff." That case is only authority that the plaintiffs were under no necessity of putting their judgment in evidence, but it does not decide that it was not necessary to put in evidence the *scire facias*, as everything necessary to be set forth was contained in the attachment exe-cution. I am clearly of the opinion that it is incumbent on the plaintiff to put in evidence the plaintiff's judgment or preferably the writ of attachment execution. The garnishee may plead the general issue—*nulla bona*—but an execution attachment does not change the relations with which it interferes further than to transfer the rights of the defendant which result from those relations. It does not take away or abridge any right of the garnishee, and, therefore, it leaves to him all the rights of set-off, defalcation and defense generally which are incident to the relations existing at the time of the service of the attachment. The garnishee may successfully set up a claim in extinguishment of the judgment against him by the defendant (Myers *v.* Baltzell, 37 Pa. 491, 493), and a cross-demand against the defendant in an attachment may be set off by the garnishee as it may by a defendant in any suit, but subject to the same rules and restrictions: Pennell *v.* Grubb, 13 Pa. 552 (551), 554.

An attachment execution, while a final process against the defendant, is an original process against the garnishee, that is, it is a starting of a new suit against the garnishee with all the incidents of an independent proceeding. It contains a clause of summons for the garnishee, and as to him it is the beginning of a new proceeding: Bank of New Bethlehem *v.* Maikranz, 44 Pa. Superior Ct. 225.

The practice in the adjudicated cases seldom appears in the reports, but Beaver, J., says in an opinion: "The plaintiff, having a judgment against the defendant, issued an attachment execution to attach in the hands of the garnishee the amount of a bond and mortgage given by the garnishee to the defendant. Upon a plea of *nulla bona* an issue was joined, and in the trial the plaintiff offered his judgment against the defendant and the bond and mortgage given by the garnishee to the defendant. . . . A *prima facie* case was established:" Trust and Safe Deposit Co. *v.* Smith, 19 Pa. Superior Ct. 235, 236, 237.

Inasmuch as there is an original summons to the garnishee in this form of action, it must sustain itself by a declaration, or *scire facias* in lieu thereof, and upon the trial the action must be made out by putting in evidence the judgment on which the attachment issued, or by putting in evidence the attachment execution, followed by evidence that the garnishee has assets in his hands belonging to the plaintiff's debtor. Nothing short of such evidence is sufficient to sustain a *prima facie* case. Without the record so made up by the plaintiff, the garnishee is left in the dark as to what he is required to meet.

In the case at bar, the plaintiff offered neither the plaintiff's judgment nor the writ of attachment, which was fatal to a recovery by the plaintiff. The elements necessary to establish a *prima facie* case were wanting. This disposes of the motion for a new trial, and, for the same reason, the plain-tiff's motion for judgment *n. o. v.* must be refused.

### Decree.

Now, July 11, 1927, the plaintiff's motions for a new trial and for judgment *n. o. v.* are each separately overruled, a new trial and judgment *n. o. v.* both refused.