## R. Levy & Sons, Inc., v. McCloskey et al.

*Blumberg & Sork*, for rule; *Duane, Morris & Heckscher*, contra.

MARTIN, P. J., May 28, 1929.—Plaintiff obtained a judgment against the defendants. Damages were assessed and an attachment execution was issued and served on the garnishee. Interrogatories were filed. The garnishee answered, admitting that it holds as trustee for the defendant, Thomas F. McCloskey, $390.78 in cash, four shares of Catawissa Railroad Company, first preferred, forty shares of the Fire Association of Philadelphia, eight shares of the Pennsylvania Salt Manufacturing Company and a $3000 certificate of interest in a mortgage secured on premises No. 625 Arch Street under the terms of an irrevocable trust. A copy of the deed is attached to the answers.

By its terms, the defendant, Thomas F. McCloskey, assigned to the Fidelity Trust Company, the garnishee, the net proceeds to which he became entitled upon settlement of the estate of his grandfather, Thomas Skelly, deceased, to be held by the Fidelity Trust Company in trust to pay the net income to the said Thomas F. McCloskey during the term of his natural life; and upon his decease to transfer and set over the whole of the principal to "such person or persons as the said Thomas F. McCloskey may nominate, direct and appoint by his last will and testament; and in default thereof to pay, assign, transfer and set over the principal of the trust estate unto the issue then living of the said Thomas F. McCloskey in equal shares *per stirpes;* and should there be then living no issue of the said Thomas F. McCloskey, then to pay, assign, transfer and set over the entire principal of the said trust estate unto Anna E. Freund, his only surviving sister, or, if she be not then living, to her next of kin."

The deed provides that the trust shall be irrevocable, and neither the principal nor income assigned or anticipated by any of the beneficiaries or "subject to or liable for the debts, contracts or engagements of said beneficiaries or any of them; but the said trust estate and the income thereof shall be without any liability to execution, attachment, warrant or legal processes of any kind."

The present rule was entered to show cause why judgment should not be entered against the garnishee for want of a sufficient answer. It is claimed that the answer attempts to avoid payment of the amount admitted by the garnishee to be in its hands by stating that defendant has created a trust in his own favor and yet, at the same time, stating that he might will and bequeath the principal of the trust in any manner he might see fit; that the creation of such a trust cannot protect one against the claims of his creditors.

In Rienzi *v.* Goodin, 249 Pa. 546, 550, it was said, quoting from the opinion of Mr. Justice Elkin in Nolan *v.* Nolan, 218 Pa. 135: "As against existing creditors, such a conveyance would be fraudulent, and, in order to make it valid as to subsequent creditors, it must appear that the settlor has divested

himself of all rights of ownership in, and control over, the property thus conveyed, reserving only to himself the right to receive the income during life. . . . A person *sui juris* cannot, as against creditors, either prior or subsequent, settle his property in trust for his own use for life and over to his appointees by will, and, in default of such appointment, to the use of his lawful heirs in fee." Citing Mackason's Appeal, 42 Pa. 330.

In the present case, Thomas F. McCloskey, the settlor, retained an unrestricted power of appointment enabling him by will to dispose of the entire *corpus* of the estate and to destroy the interest of all the remaindermen, whether vested or contingent. The trust does not divest him of all rights of ownership in and control over the property conveyed, reserving only to himself the right to receive the income during life.

The case of Fidelity Trust Co. *v.* New York Finance Co., 125 Fed. Repr. 275, cited by counsel for the garnishee, was decided in 1903 by the Circuit Court of Appeals on appeal from the Circuit Court for the Eastern District of Pennsylvania. In that case, the terms of the trust directed the trustee to pay the net income to the settlor for life, without liability to his debts, and on his death to pay the principal to such persons as he might by will appoint, and in default of appointment, to his issue then living, and if no issue survived him, then to pay and transfer the principal to Mary B. Potter and Blanche Van Hook Potter in equal shares. The trust was irrevocable. The settlor signed a voluntary confession of judgment for an amount equal to the principal of the estate. An attachment execution was issued and served upon the trustee.

It was decided that the *corpus* of the estate was not subject to attachment for the judgment debt.

The settlor had made a direct effort, in which he was unsuccessful, to revoke the trust, and the court appeared to be impressed that the attachment was collusive and was issued to enable the settlor to obtain the principal of the estate by indirectly revoking the trust. The opinion of Acheson, J., states: "In the present instance, the two specifically named beneficiaries, Marie B. Potter and Blanche Van Hook Potter, have vested interests in the principal of the trust fund; and while it is true that their interests are not presently enjoyable by them, and may be defeated should George Van Hook Potter (the settlor) 'die leaving issue,' or should he exercise his reserved power of appointment by will, yet by no act of Potter other than his exercise of that power can the interests of these beneficiaries be divested. . . . Upon the undisputed facts, it seems to us that the New York Finance Company must be regarded here as claiming through George Van Hook Potter, and that, as against this garnishee, that company has no higher rights than Potter himself had. The execution attachment, we think, had no greater effect than to place this attaching creditor in the same relation to the garnishee as that occupied by the judgment debtor before the attachment was laid: Baldwin's Estate, 4 Pa. 248. An attachment execution is authoritatively declared to be an equitable assignment of the thing attached; a substitution of the creditor for the debtor to the latter's rights against the garnishee: Reed *v.* Penrose, 36 Pa. 214."

The court attempted to distinguish the case from Mackason's Appeal, 42 Pa. 330, by stating that in the latter case "there was no named beneficiary other than the settlor. To all intents and purposes, the settlor continued to be the beneficial owner of the entire estate. It did not appear that there was any reason for the execution of the deed of trust except to protect the settlor's property from his future engagements. Indeed, the whole design, as found by

the court, was to give the settlor the full enjoyment and complete equitable ownership of his property and at the same time protect it from his creditors. Moreover, the deed creating that trust contained no provision against its revocation. And, finally, the contest there arose after the settlor's death and was between his creditors and his appointee by will. Here we have an active trust which the Supreme Court of Pennsylvania, in a contest between the settlor and the trustee, has sustained and declared to be irrevocable by the settlor and enforceable in favor of the beneficiaries."

In Nolan v. Nolan, 218 Pa. 135, 139, Mr. Justice Elkin said: "It is against public policy and not consonant with natural justice and fair dealing, as between debtor and creditor, that a settlor should be permitted to play fast and loose with his property in such a manner as to have the use of the income during life and the right of disposing of the principal by will at any subsequent time he chooses to exercise the power, thus giving him all the substantial benefits arising from the ownership thereof while he has safely put his property beyond the reach of creditors. . . . A person *sui juris* cannot, as against creditors, either prior or subsequent, settle his property in trust for his own use for life and over to his appointees by will, and, in default of such appointment, to the use of his lawful heirs in fee."

The provision in the deed of trust that Anna E. Freund is to receive the entire remainder if the settlor dies intestate without issue him surviving and makes no appointment by will does not limit the right of the settlor to designate his beneficiaries and prevent Anna E. Freund from enjoying any part of the estate. His right to designate remaindermen is unlimited; and the creation of the trust has not placed the property beyond the reach of his creditors.

And now, to wit, May 28, 1929, judgment is entered in favor of plaintiff and against the garnishee.